IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Octavia Jefferson,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>City of North Charleston,<br><br>　　　　Defendant. | C/A No.:<br><br><br><br>COMPLAINT |

## INTRODUCTION

Plaintiff Octavia Jefferson, by and through her undersigned counsel, hereby brings the Causes of Action of Race Discrimination/Racially Hostile Work Environment pursuant to Title VII of the Civil Rights Act of 1964, as amended, Breach of Contract, Negligent Supervision, and Retaliation pursuant to Title VII of the Civil Rights Act of 1964, as amended, against the City of North Charleston ("Defendant") based on the following allegations.

## ADMINISTRATIVE CHARGE

1. Plaintiff has exhausted all administrative remedies and prerequisites prior to filing this lawsuit, including timeliness, deferral, and all other jurisdictional requirements necessary for the maintenance of this Action, as described below:

    a. Plaintiff timely filed a Charge with the Equal Employment Opportunity Commission ("EEOC") and South Carolina Human Affairs Commission ("SHAC") on January 12, 2022.

    b. Plaintiff received a Notice of Right to Sue from SHAC on December 1, 2022.

    c. Plaintiff received a Notice of Right to Sue from the EEOC on January 31, 2023.

    d. Plaintiff has timely filed this action within ninety (90) days from the date on which she received her Notice of Right to Sue as described in Paragraph 1(c).

1

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1343 and 42 U.S.C. Section 2000e (5), this being a proceeding to enforce rights and remedies secured under 42 U.S.C. Section 2000(e) et. seq. (Title VII of the Civil Rights Act of 1964 ("Title VII")) and other Federal statutes. This Court also has pendant and supplementary jurisdiction over so much of this action as is based on State law.

3. Venue is proper in the Charleston Division, because the Causes of Action arose therein, the acts and practices complained of occurred there, and it is where Defendant does business and may be found.

## PARTIES

4. Plaintiff Octavia Jefferson is a citizen of the United States and resides in Charleston County.

5. Defendant City of North Charleston (hereinafter "Defendant" or "City") is a Municipality formed under the laws of the State of South Carolina, located in Charleston County, South Carolina.

## FACTS

6. Plaintiff works for the Defendant in the City's Planning and Zoning Department, and has worked for Defendant since August 2004.

7. Plaintiff performed her job well and to the best of her ability at all times.

8. In 2011, Plaintiff was transferred to Defendant's Planning and Zoning Department.

9. Upon her arrival, Plaintiff began to experience frequent harassment from Gwen Moultrie (BF), Cora Connor (BF), and Mary Cohen (BF), who subjected her to inappropriate slurs, racial epithets, and bullying behavior, to include racially demeaning statements about her hair and dress.

10. Ms. Moultrie (BF), Ms. Connor (BF), and Ms. Cohen (BF) regularly removed items from Plaintiff's desk, made derogatory racial and sexist remarks on Plaintiff's clothes and shoes, and referred to Plaintiff as "high tower" and "high top" due to her afro hairstyle.

11. Plaintiff spoke with Human Resources regarding this racial and sexual harassment in 2011 and met with then-Director Mr. Gore (BM) and Elizabeth Petite (WF), both of whom had the Department staff sign an agreement affirming the harassment would stop.

12. Despite Plaintiff's protected complaints, the harassment continued.

13. After Plaintiff's protected complaints to Mr. Gore and Ms. Petite, Plaintiff was continually subject to harassment and retaliation. Ms. Moultrie would routinely give Plaintiff low performance ratings, which were unmerited and in retaliation for Plaintiff's earlier protected complaints.

14. Plaintiff would find that her work had been deleted or altered without her knowledge. In 2018, Plaintiff reported this to HR staff Christie Ruth (BF) and Allison Bethea (BF), but withdrew her formal complaint because she feared further retaliation from Ms. Moultrie (BF).

15. On February 3, 2021, Plaintiff was investigated by the State Law Enforcement Division (SLED) for threatening the Mayor's Executive Assistant, Ms. Julie Ellmore (WF) through the transmission of an anonymous letter.

16. Plaintiff did not work with, or work for, Ms. Ellmore, on a daily basis, and there would be no reason for her to transmit an anonymous letter to Ms. Ellmore (WF).

17. Despite this, Plaintiff was at that time questioned by two SLED agents not employed by the City of North Charleston.

18. On April 1, 2021, Plaintiff realized that she was selectively being targeted for a criminal investigation regarding the incident of the anonymous letter to Ms. Julie Ellmore (WF). At that

time, Plaintiff was called into the office of Chief Burgess, Chief of Police for the City of North Charleston, who reports directly to the Mayor of the City, and questioned directly by the Chief, who is the Mayor's appointed executive officer for law enforcement.

19. Plaintiff asserts the City of North Charleston (her employer) on April 1, 2021 racially targeted her.

20. The incident of April 1, 2021 indicated to Plaintiff that she was a direct target of the Mayor and Ms. Ellmore accusing her as a black employee of authoring the letter.

21. When Chief Burgess, acting under the authority of the Mayor and the City, along with the same SLED agent (who had questioned Plaintiff in February) began their inquiry, the City of North Charleston as Plaintiff's employer began to discriminate against Plaintiff and exact racial animus against her.

22. During the questioning, Plaintff was not allowed to leave, was falsely imprisoned, and intimidated. It was not until I indicated that I wanted an attorney that the questioning stopped.

23. The African American Chief of Police, upon escorting Plaintiff from the conference room, told Plaintiff, "they now know I had nothing to do with it."

24. Plaintiff was given no explanation regarding why she was questioned.

25. Plaintiff asserts she was targeted, harassed, and discriminated against based on her race, and in further retaliation for her previous protected complaints.

FIRST CAUSE OF ACTION
*Title VII Race Discrimination/Racially Hostile Work Environment*

26. Plaintiff reiterates each and every allegation in the previous paragraphs as if set forth verbatim herein.

27. Plaintiff asserts that the preferential treatment, harassment and termination were a mere pretext for the discrimination against Plaintiff based on her race.

28. Defendant was wanton, reckless, and intentional in its discrimination against the Plaintiff in changing the terms and conditions of her employment based upon her race, and in their investigation of Plaintiff.

29. In failing to protect Plaintiff from race discrimination, preferential treatment or harassment, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of Civil Rights Act of 1964, as amended.

30. Defendant violated Title VII of Civil Rights act of 1964, by allowing the race discrimination, preferential treatment and harassment to exist in the workplace.

31. The Defendant's wrongful actions as set forth aforesaid constituted a hostile work environment for the Plaintiff. Defendant violated Title VII of the Civil Rights Act of 1964, as amended, by allowing a hostile work environment to exist regarding race discrimination in the workplace.

32. The aforesaid conduct of Defendant, its agents, and servants, violates laws against harassment and was, in fact, harassment in nature and in violation of Title VII of Civil Rights Act of 1964, as amended.

33. As a direct and proximate result of Defendant's discrimination on the basis of race, Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

34. Defendant's employment discrimination of Plaintiff has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

35. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of the employment discrimination as alleged above.

36. Due to that acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## SECOND CAUSE OF ACTION
*Breach of Contract*

37. Plaintiff reiterates each and every allegation in the previous paragraphs as if set forth verbatim herein.

38. Plaintiff and Defendant entered into a binding and valid contract whereby Defendant offered Plaintiff employment. Plaintiff accepted the offer of employment and agreed to fulfill the duties of her position in exchange for valuable consideration, her salary, as well as Defendant's guarantees that she would be protected from discrimination and other illegal acts.

39. Defendant maintains an employment handbook and its own policies and procedures.

40. At all times during the course of her employment, Plaintiff relied on the promises contained in Defendant's handbook, policies and procedures, and governing documents.

41. Defendant breached its employment contract with Plaintiff and its own policies and procedures by failing to protect Plaintiff from the actions of her supervisors, to include retaliation on the basis of Plaintiff's protected complaints, and the investigation against her.

## THIRD CAUSE OF ACTION
*Negligent Supervision*

42. Plaintiff reiterates each and every allegation in the previous paragraphs as if set forth verbatim herein.

43. Defendant City failed to use due care in supervising its employees, specifically Gwen Moultrie, Cora Connor, and Mary Cohen. Ms. Moultrie, Ms. Connor, and Ms. Cohen were permitted to misuse their supervisory authority over Plaintiff to target Plaintiff in disciplinary actions for her protected complaints.

44. By failing to appropriately supervise Ms. Moultrie, Ms. Connor, and Ms. Cohen, Defendant permitted them to pretextually issue Plaintiff unsatisfactory work reviews despite Plaintiff's satisfactory work performance.

45. Defendant knew or should have known that Ms. Moultrie's, Ms. Connor's, and Ms. Cohen's repeated targeting of Plaintiff demonstrated a propensity, proclivity, or course of conduct sufficient to put the employer on notice of the possible danger to Plaintiff and her employment.

46. Plaintiff's wrongful discipline has a sufficient nexus to Ms. Moultrie's, Ms. Connor's, and Ms. Cohen's repeated misconduct in targeting the plaintiff with employee discipline for acts which were not violative of Defendant policy because the same actor targeted the same victim for the same ultimate purpose: to manufacture support of their objective—to discriminate against Plaintiff.

47. Accordingly, due to the acts of Defendant and its agents, Plaintiff is entitled to injunctive relief and civil damages, back wages plus interest, and payment for lost wages. Plaintiff is further entitled to actual and compensatory damages in the value and nature of her lost wages, benefits and front pay, with interest applied thereupon, in addition to any liquidated damages, reasonable attorneys' fees and the costs of bringing this action.

FOURTH CAUSE OF ACTION
*Title VII Retaliation*

48. Plaintiff reiterates each and every allegation in the previous paragraphs as if set forth verbatim herein.

49. Plaintiff repeatedly objected to and protested the violations of her federally protected rights within the Defendant's administrative structure and later, to the Equal Employment Opportunity Commission.

50. After Plaintiff sought to seek relief from Defendant's discriminatory practices, to include but not limited to consulting with upper management through the chain-of-command, Defendant retaliated against her by a continuance of harassment and by not addressing her complaints.

51. Accordingly, Plaintiff is entitled to compensatory and punitive damages in the nature of the value of her lost wages and benefits, front pay, together with interest thereon, as well as liquidated damages, and her reasonable attorney's fees for the bringing of this action.

JURY TRIAL REQUESTED

52. Plaintiff requests a jury trial.

PRAYER FOR RELIEF

53. **WHEREFORE**, Plaintiff prays that this Honorable Court declares that Defendant's actions complained of herein violated the rights guaranteed to Plaintiff and issue its judgment:

    a. Declaring the actions complained of herein illegal.

    b. Issuing an injunction enjoining the Defendants, their agents, employees, successors, attorneys and those acting in concert or participation with the Defendants, and at their direction from engaging in the unlawful practices set forth herein and any other employment practices shown to be in violation of 42 USC § 2000(e) et. seq. (race discrimination / racially hostile work environment / retaliation), breach of contract, and the common laws of the State of South Carolina.

    c. Awarding Plaintiff compensatory and punitive damages for each Cause of Action contained herein as appropriate, which the jury should find appropriate as a result of the Defendants' unlawful discriminatory actions taken as the result of Plaintiff's race and other pled causes of action; including mental anguish, pain and suffering, harm to Plaintiff's economic opportunities, any back pay, front pay and future

earnings with cost of living adjustments, prejudgment interest, fringe benefits, and retirement benefits;

d. Awarding Plaintiff her costs and expenses in this action, including reasonable attorney fees, and other litigation expenses; and

e. Granting such other and further relief as may be just and necessary to afford complete relief to the Plaintiff as this Court may deem just and proper.

Respectfully Submitted,

__s/Donald Gist_____
Donald Gist, Esq. Fed. ID# 7178
Erica McCrea, Esq. Fed. ID# 13493
**GIST LAW FIRM, P.A.**
4400 North Main Street (29203)
Post Office Box 30007
Columbia, South Carolina 29230
Tel. (803) 771-8007
Fax (803) 771-0063
Email: dtommygist@yahoo.com
          ericamccrea.gistlawfirm@gmail.com

***Attorneys for Plaintiff Octavia Jefferson***

March 24, 2023